UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 18-CV-23413

ANDRES GOMEZ, on his own and on behalf of all other individuals similarly situated,

        Plaintiff,

vs.

LAMUSE CAFÉ EPIC, L.L.C., a limited liability company.

        Defendant.

**DEFENDANT LAMUSE CAFÉ EPIC, L.L.C.'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant, LaMuse Café Epic, L.L.C submits its Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

**ANSWERS**

**<u>INTRODUCTION</u>**

1. Defendant does not know or have enough information to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the allegations and demands strict proof thereof.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. Defendant admits that this court has jurisdiction over claims arising out of Title III of the ADA. Defendant denies all other allegations and implications contained in Paragraph 5.

6. Defendant admits that venue is proper. Defendant denies all other allegations and implications contained in Paragraph 6.

## PARTIES

7. Defendant does not know or have enough information to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies the allegations and demands strict proof thereof.

8. Defendant admits that it owns and operates a café located in South Florida and operates a website. Defendant denies all other allegations and implications contained in Paragraph 8.

9. Defendant does not know or have enough information to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies the allegations and demands strict proof thereof.

10. Defendant does not know or have enough information to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies the allegations and demands strict proof thereof.

11. Defendant denies the allegations found in Paragraph 11.

12. Defendant denies the allegations found in Paragraph 12.

13. Defendant admits the allegations of Paragraph 13.

14. Defendant admits that its location is a public accommodation. Defendant denies all other allegations and implications contained in Paragraph 14.

15. Defendant admits that it is subject to personal jurisdiction in this District. Defendant denies all other allegations and implications contained in Paragraph 15.

## THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET

16. Defendant does not know or have enough information to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies the allegations and demands strict proof thereof.

17. Defendant does not know or have enough information to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the allegations and demands strict proof thereof.

18. Defendant does not know or have enough information to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies the allegations and demands strict proof thereof.

19. Defendant does not know or have enough information to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the allegations and demands strict proof thereof.

20. Defendant does not know or have enough information to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies the allegations and demands strict proof thereof.

21. Defendant admits that the cited provisions of the U.S.C and the C.F.R. speak for themselves. Defendant denies all other allegations and implications contained in Paragraph 21.

22. Paragraph 22 does not contain any allegations against Defendant and therefore does not require a response.

## **CLASS ACTION ALLEGATIONS**

23. Defendant denies the allegations for class certification found in Paragraph 23.

24. Defendant denies the allegations for class certification found in Paragraph 24.

25. Defendant denies the allegations for class certification found in Paragraph 25.

26. Defendant does not know or have enough information to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies the allegations and demands strict proof thereof.

27. Defendant denies the allegations found in Paragraph 27.

28. Defendant denies the allegations for class certification found in Paragraph 28.

29. Defendant denies the allegations for class certification found in Paragraph 29.

30. Defendant denies the allegations for class certification found in Paragraph 30.

31. Defendant denies the allegations for class certification found in Paragraph 31.

32. Defendant denies the allegations for class certification found in Paragraph 32.

33. Paragraph 33 does not contain any allegations against Defendant and therefore does not require a response.

## FACTUAL BACKGROUND

34. Defendant admits that it owns a website, https://www.lamusecafe.com. Defendant denies all other allegations and implications contained in Paragraph 34.

35. Defendant denies the allegations found in Paragraph 35.

### Barriers on Defendant's Website Deny Plaintiff Access

36. Defendant denies the allegations found in Paragraph 36.

37. Defendant denies the allegations found in Paragraph 37.

38. Defendant denies the allegations found in Paragraph 38.

### Defendant Must Remove Barriers to its Website

39. Defendant does not know or have enough information to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies the allegations and demands strict proof thereof.

40. Defendant does not know or have enough information to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies the allegations and demands strict proof thereof.

41. Defendant denies the allegations found in Paragraph 41.

42. Defendant denies the allegations found in Paragraph 42.

43. Defendant denies the allegations found in Paragraph 43.

44. Defendant admits that the cited provisions of the U.S.C speak for themselves.

Defendant denies all other allegations and implications contained in Paragraph 44.

45. Defendant denies the allegations found in Paragraph 45.

46. Defendant denies the allegations found in Paragraph 46.

47. Defendant denies the allegations found in Paragraph 47.

48. Defendant denies the allegations found in Paragraph 48.

## **FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 et seq.**

49. Defendant reasserts and incorporates all response to Paragraphs 1 through 48.

50. Defendant admits that the cited provisions of the U.S.C speak for themselves.

Defendant denies all other allegations and implications contained in Paragraph 50.

51. Defendant admits that its location is a public accommodation. Defendant denies

all other allegations and implications contained in Paragraph 51.

52. Defendant admits that the cited provisions of the U.S.C speak for themselves.

Defendant denies all other allegations and implications contained in Paragraph 52.

53. Defendant admits that the cited provisions of the U.S.C speak for themselves.

Defendant denies all other allegations and implications contained in Paragraph 53.

54. Defendant admits that the cited provisions of the U.S.C speak for themselves.

Defendant denies all other allegations and implications contained in Paragraph 54.

55. Defendant admits that the cited provisions of the C.F.R. speak for themselves. Defendant denies all other allegations and implications contained in Paragraph 55.

56. Defendant admits that the cited provisions of the C.F.R. speak for themselves. Defendant denies all other allegations and implications contained in Paragraph 56.

57. Defendant admits that the cited provisions of the C.F.R. speak for themselves. Defendant denies all other allegations and implications contained in Paragraph 57.

58. Defendant denies the allegations found in Paragraph 58.

59. Defendant denies the allegations found in Paragraph 59.

60. Defendant denies the allegations found in Paragraph 60.

61. Paragraph 61 does not contain any allegations against Defendant and therefore does not require a response.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Named Plaintiff lacks standing to challenge barriers as he did not visit physical location prior to filing of the initial complaint.

### Second Affirmative Defense

The putative class lacks standing to challenge barriers that some or all Plaintiffs did not experience prior to the filing of the initial complaint.

### Third Affirmative Defense

Plaintiff has failed to state a claim under the ADA for which relief can be granted.

### *Fourth Affirmative Defense*

Plaintiff's claim is barred because the alleged barrier is "de minimis" and non-actionable because they do not materially impair Plaintiff's access to the public accommodation.

### *Fifth Affirmative Defense*

Plaintiff's claim is barred because the barrier removals Plaintiff seeks are not readily achievable or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 1218(9).

### *Sixth Affirmative Defense*

Plaintiff's claim is barred as the barrier removals Plaintiff seeks would cause undue hardship in terms of costs and time.

### *Seventh Affirmative Defense*

Plaintiff has failed to mitigate his damages, if any.

### **JURY TRIAL DEMAND**

Defendant request a jury trial on all issues so triable.

Respectfully submitted,

THE HARRIS LAW FIRM GROUP, P.A.
Citigroup Center
201 South Biscayne Blvd., Suite 2650
Miami, Florida 33131
Tel.: 305.536.6131
Fax: 305.536.6130

By:   **/s/ Robert N. Harris**
Robert Newton Harris, Esq.
Fla. Bar No.: 87671
robert@harrislawinfo.com

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that on October 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Jessica Kerr, Esq., at jkerr@advocacypa.com, The Advocacy Group, 333 Las Olas Way Unit CU3-31, Fort Lauderdale, Florida 33301.

        By:   **/s/ Robert N. Harris**
                 Robert Newton Harris, Esq.
                 Fla. Bar. No.: 87671
                 robert@harrislawinfo.com